UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT WORONEC and JOHN
COLLINS,

    Plaintiffs,

v.                                                        Case No.: 8:18-cv-2244-EAK-AEP

ZACHRY INDUSTRIAL, INC.,

    Defendant.
_____

## ORDER

**THIS CAUSE** is currently before the Court on Plaintiffs Robert Woronec's and John Collins' motion to remand. (Doc. 11). Defendant Zachry Industrial, Inc. ("**Zachry**") opposes. (Doc. 17). In the interest of judicial efficiency, the Court writes for the parties, whom the Court assumes are innately familiar with the happenings of this nearly two-year-old action, and foregoes a recitation of the underlying facts and procedural history.

Having carefully considered the notice of removal, (Doc. 1), the complaint, (Doc. 2), the motion to remand, (Doc. 11), the response in opposition, (Doc. 17), and other pertinent portions of the file, the Court finds that it properly exercises diversity jurisdiction over the action.

First, Plaintiffs' transcribed testimony, elicited at the state court hearing on Zachry's motion to dismiss, that their respective damages exceed $100,000 constitutes an "other paper" for purposes of removal. Atwell v. Bos. Sci. Corp., 740 F.3d 1160,

1162 (8th Cir. 2013) (citing Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 887 (9th Cir. 2010); Peters v. Lincoln Elec. Co., 285 F.3d 456, 465–66 (6th Cir. 2002)). Zachry removed the action within thirty days of receipt of the testimony. See 28 U.S.C. sec. 1446(b)(3) (requiring removal within thirty days of the defendant's receipt of an "other paper from which it may first be ascertained that the case is one which is or has become removable"). Thus, Zachry's removal was both timely and procedurally proper.[1]

Second, Zachry didn't waive its right to removal by filing the motion to dismiss in state court, setting it for hearing, and proceeding to adjudication of the motion on its merits. While such actions might otherwise constitute a clear and unequivocal waiver where the removing party was previously aware of its right to removal, see, e.g., Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246–47 (11th Cir. 2004), Zachry first ascertained the action was removable only after taking such actions. Zachry can't waive a right it didn't know it had. Del Rio v. Scottsdale Ins. Co., No. 6:05-cv-1429-PCF-JGG, 2005 WL 3093434, at *5 (M.D. Fla. Nov. 18, 2005) (Fawsett, J.) ("A defendant is only deemed to have waived its right to remove if, after the right to remove is apparent, it takes 'clear and unequivocal actions' in state court that manifest its intent to have the matter adjudicated there.") (emphasis added).

---

[1] Neither party disputes that the parties are of diverse citizenship for purposes of federal diversity jurisdiction.

Third, and finally, Plaintiffs attempt to amend their complaint for employment discrimination and retaliation for the purpose of adding Woronec's supervisor, a Florida resident, as a party-defendant in order to assert against him an unrelated negligence claim is nothing more than a thinly-veiled attempt to destroy diversity of citizenship between the parties in violation of the rule against fraudulent joinder. Cheves v. Gips, No. 8:94-cv-1098-EAK, 1994 WL 682545, at *2 (M.D. Fla. Dec. 1, 1994) (Kovachevich, J.) ("[A] plaintiff cannot join a resident defendant in order to deprive a nonresident defendant of the right to remove action to federal court . . . such joinder of a resident defendant, against whom no cause of action is stated in a suit in a state court, will be regarded as a fraudulent joinder for the purpose of defeating jurisdiction of federal court."). Plaintiffs' negligence claim is belated, specious, likely preempted, and solely designed to strip this Court of its federal diversity jurisdiction over the dispute. The Court rejects Plaintiffs' proposed amendment and consequent request for remand.

Accordingly, Plaintiffs' motion to remand is **DENIED**.

**ORDERED** in Chambers, in Tampa, Florida, this___day of August, 2019.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel/Parties of Record